*Friday, June 9, 1995*
## MOTION DOCKET

**90–1868.** State v. Combs. *Hamilton County,* No. C–880156. On May 5, 1993, this court stayed the execution of sentence in this cause pending exhaustion of state post-conviction remedies. On February 1, 1995, this court declined jurisdiction and dismissed the appeal and, on March 15, 1995, denied appellant's motion for rehearing in case No. 94–2165, which was pending as a post-conviction case. On July 6, 1994, this court affirmed the judgment of the court of appeals and, on August 24, 1994, denied appellant's motion for rehearing in case No. 94–854. Appellee has filed a motion requesting that this court set an execution date. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that the stay of execution entered in this cause on May 5, 1993, be and is hereby revoked.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Thursday, the 7th day of September, 1995, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Hamilton County.

**93–1245.** State v. Loza. *Butler County,* No. CA91–11–0198. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause to pursue state post-conviction relief,

IT IS ORDERED by the court that the motion be, and is hereby, granted, effective June 8, 1995.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning May 23, 1995, and ending November 23, 1995, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed, for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.